IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN HOLCOMBE,
On Behalf of Himself
and All Others Similarly Situated

                          Hon.

    **Plaintiff,**                   Case No. 16-cv-

v.                              **PROPOSED CLASS ACTION**

**STELLAR RECOVERY, INC.**

    **Defendants.**

---

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JUSTIN HOLCOMB ("Plaintiff" or "Holcombe"), on behalf of himself and all others similarly situated, and by way of this Class Action Complaint against the Defendant STELLAR RECOVERY, INC. ("Defendant" or "Stellar") says:

### I. PRELIMINARY STATEMENT

1. Plaintiff, on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendant Stellar who, *inter alia*, used false, deceptive, misleading, unconscionable, and other illegal practices, in connection with their attempts to collect transaction or convenience fees on an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and The Regulation of Michigan Collection Practices Act (RCPA), codified at MCL 445.251 et seq.

3. Such violative collection practices include, *inter alia*, sending consumers written

communications or offering payment portals on the STELLAR website that:

      (a)      make false, deceptive, and misleading representations that Defendants are allowed and permitted by law to collect a credit card processing fee for credit card payments; and

      (b)      collecting and attempt to collect costs and other charges that are not permitted by law or contract to be collected.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per*

*se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(1)-(8). Included among the *per se* violations prohibited in this section are the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f(1).

8. The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for collecting a consumer debt. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07-12016-BC, 2007 WL 4326825, at *5 (E.D. Mich. Dec. 10, 2007 (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)) held that "§ 445.252(e) applies to Defendant, its analysis is similar to that under § 1692e of the FDCPA, both of which bar misleading and deceptive communications… In light of the similarity between 15 U.S.C. § 1692e and these causes of action, it appears appropriate to view Plaintiff's claims under the same "least sophisticated consumer" standard.

9. The collection of any amount not expressly authorized in the underlying debt contract is a violation of the FDCPA, regardless of whether the debt collector is engaged in an abusive practice; and (ii) the notice sent to the debtor that referenced the Defendant's processing fee violated the FDCPA's prohibition on misleading documents because it implied that the

defendant could legally receive this payment. *Quinteros v. MBI Associates, Inc.*, 2014 WL 793138 (E.D.N.Y. Feb. 28, 2014).

10. Defendant collection of convenience or transaction fees with no basis in contract or law has been established to violate the FDCPA's prohibition on misleading documents as it effectively implies that a party such as the Defendant maintained the legal right to receive such payment. *Quinteros v. MBI Associates. Inc.*, 2014 WL 793138 (E.D.N.Y. Feb. 28, 2014). Putting it more simply, the clear trend in this jurisdiction is to find that convenience fees violate the Fair Debt Collection Practices Act. *Acosta v. Credit Bureau of Napa County*, C.A. No. 14 C8798 (N.D. Ill. Apr. 29, 2015). *See also Weast v. Rockport Fin., LLC*, 115 F. Supp. 3d1018, 1020 (E.D. Mo. 2015).

11. "This Court must construe the FDCPA liberally in favor of the consumer. See *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006). This Court remains persuaded that a transaction fee of 2.5% imposed for using a certain payment method should be considered incidental to the principal obligation." See *Wittman v. CBI, Inc.*, CV 15-105-BLG-SPW-CSO, (D. Mont. June 2, 2016).

12. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, RCPA, and all other common law or statutory regimes.

13. Plaintiff has also stated a claim under Section 1692e. If the debt collection letter violates Section 1692f(1) by representing that the processing fee is permissible, then Defendant also would be in violation of Section 1692e. See *Longo* Opinion at 10 (reaching same conclusion); see also *Shami*, 2010 WL 3824151, at *4 (same). *Acosta v. Credit Bureau of Napa*

*County, Inc.*, No. 1:2014cv08198 - Document 44 (N.D. Ill. 2015). "The only inquiry under § 1692f(1) is whether the amount collected was expressly authorized by the agreement creating the debt or permitted by law." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

14. This Propose Class Action case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction. The Regulation of Collection Practices Act, (RCPA) codified at MCL 445.251 et seq., deals with debt collection practices by "regulated persons" in the State of Michigan. The RCPA applies to debt collectors, banks, and a range of other creditors.

## II. PARTIES

15. Plaintiff Class Representative is a natural person and consumer under the FDCPA and RCPA.

16. At all times relevant to this complaint, Plaintiff resided in the City of Waterford and Clarkston, County of Oakland, and State of Michigan.

17. At all times relevant to this complaint, Defendant Stellar is a debt collector under the RCPA and FDCPA collecting on Comcast debt and is incorporated in the State of Florida with a Resident Agent located in Ann Arbor, County of Washtenaw, State of Michigan.

## III. JURISDICTION & VENUE

18. Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337.

19. Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367.

20. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

21. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because

a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because each of the Defendants are subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

22. Sometime prior to January of 2016, Plaintiff had a Comcast Account at his apartment at 6907 Tucson Blvd. Apt. 2A, Clarkson MI, 48346 that ended in February of 2016. **Please see Exhibit 1**.

23. In February of 2016, Plaintiff moved to a new home in Waterford, Michigan. Plaintiff used something similar to Comcast's XFINITY Movers Edge program to cancel his service in the apartment in Clarkston and transfer Comcast service to his new home in Waterford.

24. Then Plaintiff started to receive monthly bills for both the old apartment and new house even though Plaintiff transferred everything to his new home and did not live at the old apartment. Plaintiff complained to Comcast who promised to fix the situation but the bills and collection calls continued.

25. By May of 2016, Comcast had sent the "apartment" account to a bill collector, Defendant Stellar Recovery, Inc. **Please see Exhibit 2**.

26. The letter communicated that it was collecting a COMCAST debt of $241.75 and provided ways to pay off the debt:

> Collection personnel.
>
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. If you choose to pay this amount due by credit/debit card or by check over the telephone, you may be charged a convenience and processing fee. In the alternative, you may always mail your payment directly to our office, at 1327 Hwy 2 West - Suite 100, Kalispell, MT. 59901. If you choose to pay the amount due by credit/debit card or by check over the telephone, you may be charged a $9.50 convenience fee where permitted by law. In order to avoid the convenience fee in the states where we are permitted to assess it, you may mail your payment directly to our office at 1327 HWY 2 West - Suite 100, Kalispell, MT 59901.

27. The letter stated to Plaintiff, "If you choose to pay the amount due by debt/credit card or by check over the telephone, you may be charged a $9.50 fee where permitted by law.

28. Plaintiff pays all his bills electronically. As demanded by Stellar through its letter

at **Exhibit 2**, Plaintiff paid Stellar $241.75 plus the convenience fee of $9.50 on May 20, 2016.

29. Michigan does not allow this type of convenience fee to be charged by Statute or law. The original obligation between the Comcast and its customers that Stellar was collecting does not mandate or require a $9.50 convenience fee be paid when paying electronically.

30. The alleged Obligation is a "claim" or "debt" as defined by MCL 445.251(a).

31. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

32. Plaintiff is, at all times relevant to this complaint, a "consumer" or "debtor" as that term is defined by MCL 445.251(d).

33. Defendant is at all times a debt collector under 15 U.S.C. § 1692a (6).

34. The letter at **Exhibit 2** is a communication under 15 U.S.C. § 1692a (2).

35. The letter at Exhibit 2 is at all times relevant to this complaint, a "communication" as that term is defined by MCL 445.251(c).

36. Plaintiff is informed and believes, and on that basis alleges, that Class members in general and this Plaintiff specifically were sent collection letters for COMCAST debts that encourage payment by credit/debit card or check and falsely representing the original underlying agreement or law allows the mandatory payment of a convenience fee when paying by card or check. **Please see Exhibit 2**.

37. The FDCPA offers a mandatory guide for debt collectors to regarding the charging of fees or costs or expenses in collection actions:

15 U.S. Code § 1692f - Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

38. Congress' intent in enacting § 1692f was to provide an alleged debtor with proper notice of the amount of the debt to allow consumers to properly respond to demand for money from a collection agency. The Letter at **Exhibit 2** seeks to charge Michigan consumers the mandatory $9.50 convenience fee in violation of the FDCPA and RCPA and the original agreement between the debtor and COMCAST.

39. Plaintiff is informed, and believes, and therefore alleges that the letter from Defendant Stellar viewed by the Plaintiff and the class members are intended to falsely convey that Defendants are legally permitted to charge a check or credit card processing fee when in fact such a fee/charge is neither authorized by contract nor permitted by law.

40. The additional check or credit card transaction or processing fee to be charged and collected by Defendant constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the debt or permitted by law.

41. The Defendants' characterization of the additional charge as a "transaction" fee or "convenience" fee is false, deceptive, and misleading in that it implied that Defendant STELLAR could legally receive this payment or processing fee amount.

42. The characterization of the additional "convenience or transaction" fee is false, deceptive, and misleading in that it fails to disclose the true nature of the fee and misrepresents the actual amount, if any, of any fee, Defendants might incur.

43. The Defendants' characterization of the additional "convenience fee" is false, deceptive, and misleading in that Plaintiff understood it to mean, as would the *least sophisticated consumer*, that Defendants are legally entitled to receive the fee when, in fact, they are not legally

or contractually entitled to receive it under 15 U.S.C. § 1692e et seq and 15 U.S.C. § 1692f (1).

## V. POLICIES AND PRACTICES COMPLAINED OF

44. It is Defendant's policy and practice as to the Proposed Class here to send written collection communications, in the form attached as **Exhibit 2** and charge convenience fees in connection with the collection of alleged consumer debts to collect amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692f (1).

45. Defendant is accredited by ACA international. ACA International has notified its members of illegal practices of charging convenience or processing fees such as those being charged by Stellar. **See Exhibit 3**.

46. On information and belief and given how large the client base of COMCAST is, the Defendants' written communications, in the form attached as **Exhibit 2** as alleged in this complaint effect and involve thousands of Michigan Consumers.

## VI. CLASS ALLEGATIONS

47. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

48. Plaintiff seeks to certify two classes as set forth, and defined, *infra*.

49. With respect to the First Plaintiff Class, this claim is brought on behalf of a class of (a) all persons with addresses in the State of Michigan; (b) to whom Stellar sent a written communication materially similar to the form attached as **Exhibit 2** or collected debts on through its collection letters; (c) in an attempt to collect a debt on behalf of COMCAST that was incurred for personal, family, or household purposes but without proper identification notification of the

charging of a transaction or convenience fee that is not based on the agreement between the debtor and unnamed creditor; (d) which was not returned as undeliverable by the United States Postal Service; (e) during the period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

50.     With respect to the Second Plaintiff Class, this claim is brought on behalf of a class of (a) all persons with addresses in the State of Michigan; (b) to whom Stellar sent a written communication materially similar to the form attached as **Exhibit 2** or collected debts on through its collection letters; (c) in an attempt to collect a debt on behalf of COMCAST that was incurred for personal, family, or household purposes but without proper identification and notification of the charging a transaction or convenience fee that is not based on the agreement between the debtor and unnamed creditor; (d) which was not returned as undeliverable by the United States Postal Service; (e) during the period beginning six years prior to the filing of this action and ending 21 days after the filing of this action.

51.     The identities of all class members are readily ascertainable from the business records of Defendant Stellar and COMCAST accounts passed on to Stellar.

52.     Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and each of their respective immediate families, and legal counsel for all parties to this action and all members of their respective immediate families.

53.     There are questions of law and fact common to First Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' initial written communications, in the form attached as **Exhibit 2**, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e (10), 1692f, and 1692f (1).

54. There are questions of law and fact common to Second Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' initial written communications, in the form attached as **Exhibit 2**, violate MCL 445.251(a), (e), (f) and (q).

55. The Plaintiff's claims are typical of the class members, as all claims are based upon the same facts and legal theories.

56. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

57. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications, in the form attached as **Exhibit 2**, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e (10), 1692f, and 1692f (1) as well as MCL 445.251(a), (e), (f) and (q).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members.

Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein: Is each class member being asked to pay a processing or transaction fee not authorized by the original contract in **Exhibit 1 and Exhibit 2**.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

58. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants, who collect debts throughout the United States of America.

59. Certification of a class(es) under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that a determination that Stellar's written communications, in the form

attached as **Exhibit 2**, the RCPA and FDCPA and would permit Plaintiff and the Plaintiff Classes to obtain injunctive relief pursuant to MCL 445.257(1).

60. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

61. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the class definition and/or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

62. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

63. Defendants violated the FDCPA. Defendants' violation, with respect to their written communications in the form attached as **Exhibit 2** include, but are not limited to, the following:

   (a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

   (b) Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   (c) Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B)

   (d) Using false representations and/or deceptive means to collect or attempt to collect

any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

(e) Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f and f (1);

**(f)** Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §§ 1692e, 1692e (2), 1692f, and 1692f (1).

### VIII. SECOND CAUSE OF ACTION
### THE REGULATION OF COLLECTION PRACTICES ACT (RCPA)

64. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

65. Stellar violated MCL 445.251(a), (e), (f) and (q) in the form attached as **Exhibit 2** including, that attempt to collect interest or a charge, processing fee, or expense incidental to the obligation and authorized by an agreement with a nameless creditor that is creating the obligation or legally chargeable to the consumer.

### IX. PRAYER FOR RELIEF

66. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION:**

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the First Plaintiff Class as previously set forth and defined *supra*;

(ii) An award of the maximum statutory damages for Plaintiff and the First Plaintiff

            Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)    An award of actual damages for Plaintiff and the First Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(1);

(iv)    For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendant's collection letters attached hereto as **Exhibit 2**, and which is complained of herein, violates the FDCPA;

(v)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vi)    For such other and further relief as may be just and proper.

B.    **For the SECOND CAUSE OF ACTION:**

(i)    An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and MCL 445.257 and appointing Plaintiff and the undersigned counsel to represent the Second Plaintiff Class as previously set forth and defined above.

(ii)    An award of actual damages for Plaintiff and the Second Plaintiff Class, including all amounts collected for the "transaction or convenience fee," pursuant to MCL 445.257(2) in an amount to be determined by the Court on Motion or at trial;

(iii)    For INJUNCTIVE RELIEF for Plaintiff and the Second Plaintiff Class pursuant to MCL 445.257(1);

(iv)    For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudicating that Stellar's collection conduct complained of herein violates the violates the RCPA;

(v)    Attorney's fees, litigation expenses, and costs pursuant to MCL 445.257(2); and

(vi)    For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully Submitted,

*s/ Brian P. Parker*
Brian P. Parker, Esq. (P48617)
LAW OFFICES OF BRIAN PARKER, P.C.
2000 Town Center, Suite 1900
Southfield MI 48075
Telephone: (248) 342-9583
Facsimile: (248) 659-1733
E-Mail: brianparker@collectionstopper.com

*Attorneys for Plaintiff Justin Holcombe and all others similarly situated*

Respectfully submitted this 17th Day October, 2016.