UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN HOLCOMBE,<br><br>Plaintiff,<br><br>vs.<br><br>STELLAR RECOVERY, INC.,<br><br>Defendant. | 4:16-CV-13689-TGB<br><br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (DKT. 15) |

This is a Fair Debt Collection Practices Act case. The parties settled the underlying claims, but now dispute the amount that Plaintiff's counsel is entitled to recover as attorney's fees.[1] As such, Plaintiff filed a motion for attorney's fees (Dkt. 15), requesting $16,181.25 in fees (43.15 hours of work, at $375 per hour) and $525 in costs ($400 filing fee, plus $125 for "parking deps transcript fee"). Defendant opposes Plaintiff's

---

[1] The FDCPA authorizes the Court to award to a prevailing plaintiff in an FDCPA case "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The parties do not dispute that Plaintiff's counsel is entitled to fees, they are just arguing over the proper amount.

request, arguing that an hourly rate of $350 is more appropriate and that Plaintiff's billing records are bloated with entries for clerical tasks, are insufficiently detailed, or contain generally unnecessary and unrelated work. More specifically, Defendant objects to 35 hours of Plaintiff's counsel's claimed 43 hours of work, essentially arguing that Plaintiff's counsel is only entitled to bill for 8 hours for litigating this entire case.

Having considered the filings before the Court, Plaintiff's motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**. Defendant's counsel has also filed motions to withdraw (Dkts. 19, 20). These motions state that Defendant has ceased operations. This order resolves the final pending dispute in this action, thus, these motion are **GRANTED**.

## ANALYSIS

The first step for a district court "[i]n setting an award of attorneys' fees," ordinarily is to "arrive at the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983) (noting that "[t]he most useful starting point for determining the

amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate")). "The party seeking fees 'bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 848 (6th Cir. 2013) (quoting *Hensley*, 461 U.S. at 437). "The key requirement for an award of attorney's fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Inwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008). The trial judge must "question the time, expertise, and professional work of [the] lawyer" applying for fees. *Earl v. Beaulieu*, 620 F.2d 101, 103 (5th Cir. 1980). And, in calculating the appropriate award, "the district court is required to give a clear explanation," as to its reasoning. *Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004).

However, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees (to either party) is to do rough justice, not

3

to achieve auditing perfection." *Ibid.* "So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Ibid.* Thus, "there is no requirement ... that district courts identify and justify each disallowed hour." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986) (citing *New York State Association for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)). "Nor is there any requirement that district courts announce what hours are permitted for each legal task." *Ibid.* Instead, the Supreme Court has held that "a concise but clear explanation" of a district court's reasons for a fee award, *Hensley*, 461 U.S. at 437, may include findings of "unnecessary, unreasonable or unproductive time," that "the time spent on the particular activity was 'excessive,'" or that a less amount of time was "reasonable," *see Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 554 n.2, 566-67 (1986).

The second component of the lodestar is the hourly rate. *Hensley*, 461 U.S. at 433. Generally, a reasonable hourly rate is calculated by reference to the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Gonter v. Hunt Valve Co.*, 510

F.3d 610, 618 (6th Cir. 2007). Plaintiff submitted hourly rate survey data compiled by the State Bar of Michigan, and the parties have not disputed that the State Bar's market survey is informative on the issue of reasonable attorney's fees.

After calculating the lodestar amount, "[t]he court should then exclude excessive, redundant, or otherwise unnecessary hours." *U.S. Structures*, 130 F.3d at 1193. "Next, the resulting sum should be adjusted to reflect the 'result obtained.'" *Ibid*. "This involves the following of two questions: 'First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?'" *Ibid*.

**A. Hours Expended by Plaintiff's Counsel**

The Court first considers the number of hours expended by Plaintiff in this matter. As noted above, Plaintiff requests to be compensated for 43.15 hours of work. Defendant objects to all but approximately 8 hours of Plaintiff's request. Having reviewed the billing records, the Court finds that 37 hours of work is an appropriate award. Such a reduction is warranted because several entries on Plaintiff's billing statement appear

to be in the nature of clerical work. For example, Plaintiff's counsel's records include time billed for mailing, calendaring, routine correspondence to schedule depositions or conferences, preparing pleadings and exhibits for electronic filing, filing pleadings and electronically serving documents on defense counsel. "[P]urely clerical or secretarial tasks should not be billed at a paralegal [or attorney] rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). Defendant's position that Plaintiff's counsel could have accomplished all of the work necessary to litigate this entire case in 8 hours, however, is unreasonable. The Court concludes that 37 hours of Plaintiff counsel's time is appropriately billed.

### B. Hourly Rate

The Court next turns to Plaintiff counsel's requested hourly rate of $375. Plaintiff's counsel, Brian Parker, contends that an hourly rate of $375 is reasonable because he has practiced in the area of consumer law for over twenty years and is regarded as an expert in the area, having handled thousands of consumer claims and having lectured throughout the country on consumer law issues. The Court agrees that Mr. Parker

6

is an experienced, capable and respected attorney in the field of consumers' rights.

Mr. Parker has his law office in West Bloomfield, Michigan and appears to be a solo practitioner. The Court will therefore consider Southeast Michigan as the relevant community for purposes of fee calculation. District courts have relied on the State Bar of Michigan Economics of Law Practice survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice. *See Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 Fed. App'x. 498, 501-02 (6th Cir. 2006). The 2017 edition of this survey lists a "mean" hourly rate of $322 and a 75th percentile hourly rate of $400 for the area of "consumer law."[2] The Court also located two cases from close to 10 years ago that found $300 per hour to be a reasonable rate in FDCPA cases. *See Dowling v. Litton Loan Servicing LP*, 320 Fed. App'x. 442 (6th Cir. 2009); *Kelly v. Montgomery Lynch & Associates, Inc.*, 2008 WL 4560744 (N.D. Ohio 2008).

---

[2] *See* https://www.michbar.org/file/pmrc/articles/0000153.pdf (last visited June 26, 2018)

Defendant does not take great exception to Plaintiff's $375 requested hourly rate, and argues that $350 is more appropriate. Based on the foregoing, the Court finds that Mr. Parker's requested hourly rate of $375 is reasonable. This rate is within the range recognized by the state bar as appropriate for this type of litigation, and reflects a modest increase from rates previously approved by courts nearly a decade ago.

## CONCLUSION

In sum, it is **ORDERED** that Plaintiff's petition for attorney's fees (Dkt. 15) is **GRANTED IN PART**;

It is therefore **ORDERED** that Plaintiff shall recover of Defendant attorney's fees and costs totaling $14,400 ($13,875 + $525 in costs), awarded jointly to Plaintiff and his attorney.

**SO ORDERED**.

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2018

## Certificate of Service

I hereby certify that this Order was electronically submitted on September 28, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager
